**SIGNED this 10 day of March, 2009.**

_____
**Marcia Phillips Parsons
UNITED STATES BANKRUPTCY JUDGE**

_____

[This opinion is not intended for publication as the precedential effect is deemed limited.]

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re<br>    SAMUEL THOMAS CLARK and<br>    JENNIFER MICHELLE CLARK,<br><br>                    Debtors. | No. 08-50899<br>Chapter 7 |
| TRUPOINT BANK,<br><br>    Plaintiff,<br><br>vs.<br><br>SAMUEL THOMAS CLARK,<br><br>    Defendant. | Adv. Pro. No. 08-5046 |

## M E M O R A N D U M

Appearances:

    Matthew H. Wimberley, Esq.
    Hunter, Smith & Davis, LLP
    Post Office Box 3740
    Kingsport, Tennessee 37664
    *Attorney for TruPoint Bank*

**Marcia Phillips Parsons, United States Bankruptcy Judge**. In this adversary proceeding, the plaintiff TruPoint Bank (the "Bank") seeks a determination that its state court judgment against debtor Samuel Thomas Clark ("Clark") is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (6). Presently before the court is the Bank's motion for summary judgment based upon the doctrines of res judicata and collateral estoppel. Because res judicata is inapplicable to this proceeding as a matter of law and because the elements of collateral estoppel have not been established, the Bank's motion for summary judgment will be denied. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(I).

I.

After Clark and his wife filed a voluntary petition for chapter 7 bankruptcy protection on May 14, 2008, the Bank commenced the present adversary proceeding on August 11, 2008. The Bank alleges in the complaint that on December 29, 2005, Clark entered into a contract whereby he agreed to purchase certain real property located in Johnson City, Tennessee and related assets from Tommy and Nancy Blair for a purchase price of $4.2 million. The Bank loaned Clark $3.57 million to finance the purchase, with Clark executing a promissory note in favor of the Bank and granting the Bank a deed of trust on the realty to secure the indebtedness. The Bank alleges that following the closing of the loan, it learned that Clark, in conspiracy with other parties to the transaction, had provided certain false information to the Bank in order to induce the loan. Clark subsequently defaulted on the promissory note and the Bank foreclosed, with the Bank purchasing the real property for a bid of $1.5 million which it applied to Clark's debt.

The Bank states that based on the foregoing circumstances, it filed suit against Clark and other parties to the transaction on October 29, 2007, in the Law Court for Washington County, Tennessee (the "State Court"), asserting causes of action based on breach of contract; fraud, deceit and intentional misrepresentations; civil conspiracy; conspiracy to defraud; and negligent misrepresentation. Clark failed to answer, and on February 6, 2008, the State Court entered a default judgment against Clark in favor of the Bank in the amount of $2,457,227.32.

Citing this default judgment, the Bank filed on December 15, 2008, the motion for summary judgment that is presently before this court, supported by the Bank's statement of undisputed

2

material facts. The Bank asserts that the default judgment is res judicata with respect to this adversary proceeding and that Clark is collaterally estopped from denying the claims and allegations that were adjudicated in State Court. Clark has not responded to the Bank's motion or statement of undisputed material facts. Under the local rules of this court, an opposing party has twenty days to file a response to a motion in an adversary proceeding. E.D. Tenn. LBR 7007-1(a). "A failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion." *Id.* Similarly, absent a response to a party's statement of undisputed material facts, "the material facts set forth in a movant's statement will be admitted." E.D. Tenn. LBR 7056-1(b). Notwithstanding the lack of a response from Clark, the court must still determine in light of these facts whether the Bank is entitled to summary judgment as a matter of law.

II.

In *Brown v. Felson*, 442 U.S. 127, 99 S. Ct. 2205 (1979), the United States Supreme Court held that the doctrine of res judicata does not apply to dischargeability proceedings in bankruptcy. The Court expressly left open in *Brown* the question of whether issues resolved by a state court should be given collateral estoppel effect in bankruptcy dischargeability proceedings, but subsequently answered this question in the affirmative in *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). "The doctrine of collateral estoppel 'precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action.'" *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 461 (6th Cir. 1992) (citing, *inter alia*, *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 332 n.23, 99 S. Ct. 645 (1979) ("The whole premise of collateral estoppel is that once an issue has been resolved in a prior proceeding, there is no further factfinding function to be performed.")).

As directed by the Sixth Circuit Court of Appeals, collateral estoppel applies when "(1) the law of collateral estoppel in the state in which the issue was litigated would preclude relitigation of such issues, and (2) the issue was fully and fairly litigated in state court." *In re Markowitz*, 190 F.3d at 461. In Tennessee, "collateral estoppel bars relitigation of an issue if it was raised in an earlier case between the same parties, actually litigated, and necessary to the judgment in the earlier case."

*Rally Hill Productions, Inc. v. Bursack (In re Bursack)*, 65 F.3d 51, 54 (6th Cir. 1995) (citing *Massengill v. Scott*, 738 S.W.2d 629, 632 (Tenn. 1987)).  Accordingly, this court must examine the issues in this adversary proceeding and compare them with the issues raised by the Bank in the State Court action.  If the issues are identical, were actually litigated in State Court, and necessary to the judgment obtained by the Bank, then collateral estoppel would bar relitigation of the same issues in this court.

With respect to the question of the identity of issue, in this adversary proceeding the Bank's claims against Clark are based on § 523(a)(2)(A) and (6) of the Bankruptcy Code, debts arising out of fraud and out of willful and malicious injuries, respectively.  In the State Court action, the Bank's causes of action against Clark were premised on breach of contract; fraud, deceit and intentional misrepresentations; civil conspiracy; conspiracy to defraud; and negligent misrepresentation.  As is readily apparent, both actions include a claim for fraud.  It has been recognized that the essential components of fraud under Tennessee law are "virtually identical" to those necessary to establish nondischargeability under § 523(a)(2)(A).  *In re Bursack*, 163 B.R. 302, 305 (Bankr. M.D. Tenn. 1994).  Thus, the first element of collateral estoppel, identity of issues, is satisfied with respect to the Bank's § 523(a)(2) fraud claim against Clark.

Regarding the Bank's cause of action in this proceeding based on § 523(a)(6), this section excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."  The Supreme Court has held that because the word "willful" in this provision modifies the word "injury," "nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."  *See Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974 (1998).  "Negligent or reckless acts . . . do not suffice . . . ."  *Id.* at 64.  The Sixth Circuit Court of Appeals has interpreted *Geiger* to mean "that unless 'the actor desires to cause the consequences of his act, or believes that the consequences are substantially certain to result from it,' . . . he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)."  *In re Markowitz*, 190 F.3d at 464.  The second component of § 523(a)(6), that the injury be malicious in addition to willful, "means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm."  *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986).

When these necessary elements of a § 523(a)(6) cause of action are compared with the allegations set forth in the State Court complaint, it is evident that there is no "willful and malicious injury" corollary in the State Court complaint. Rather, the allegations in that complaint are that Clark and the other defendants conspired to set an inflated purchase price; that in furtherance of this conspiracy, they provided false and misleading information regarding the income stream generated by the properties to be purchased so that a higher loan could be obtained from the Bank; that Clark and the other defendants misrepresented the amount of the down payment to be made by Clark; and that the defendants falsely represented that there was $210,000 in owner financing as part of the sale transaction. The Bank asserted in the State Court complaint that these factual allegations constituted fraud, conspiracy to defraud, and negligent misrepresentation. While arguably these allegations, broadly construed, could be considered a claim that Clark intentionally injured the Bank, there is no allegation to satisfy the "malicious" component of § 523(a)(6), that the injury was "in conscious disregard of [Clark's] duties or without just cause or excuse." Accordingly, the court concludes that the Bank's § 523(a)(6) claim in this adversary proceeding is not identical to any of the causes of action raised against Clark in State Court, and that, therefore, collateral estoppel does not bar relitigation of the Bank's § 523(a)(6) issue.

Turning now to the second element of collateral estoppel as to the Bank's § 523(a)(2)(A) fraud claim, it must be established that the fraud issue was "actually litigated" in State Court. Under Tennessee law, default judgments satisfy the "actually litigated" requirement. *In re Bursack*, 65 F.3d at 54 (quoting *Lawhorn v. Wellford*, 168 S.W.2d 790, 792 (Tenn. 1943)) ("A judgment taken by default is conclusive by way of estoppel in respect to all such matters and facts as are well pleaded and properly raised, and material to the case made by declaration or other pleadings, and such issues cannot be relitigated in any subsequent action between the parties or their privies."). Generally, Tennessee courts have applied collateral estoppel if "the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in a prior suit." *Jenne v. Snyder-Falkinham,* 967 S.W.2d 327, 330 (Tenn. App. 1998); *see also Harris v. Byard (In re Byard),* 47 B.R. 700, 707 n.9 (Bankr. M.D. Tenn. 1985) (The actually litigated requirement requires only that the issue was effectively raised in the prior action and "that the losing party has had 'a fair opportunity procedurally, substantively, and evidentially' to contest the issue."). The fraud issue

was well pleaded and properly raised in the State Court complaint. Moreover, the Bank's statement of undisputed material facts establishes that "[o]n November 3, 2007, [Clark] was personally served with the Complaint filed by TruPoint Bank in the Law Court for Washington County, Tennessee." Consequently, it would appear that Clark had a full and fair opportunity to litigate the fraud issue in State Court. The fact that he chose not to do so does not preclude the fraud issue from being "actually litigated" in the earlier action against him.

"The final requirement of collateral estoppel is that the precise issue must not only have been raised and actually litigated, but *necessary to the judgment*." *Wet Pets v. Miller (In re Miller)*, No. 96-2078 (Bankr. E.D. Tenn. May 30, 1997) (emphasis added); *see also In re Bursack,* 65 F.3d at 54. "Collateral estoppel requires that the determination of a factual or legal issue in a judgment is conclusive in subsequent litigation if it was 'actually litigated and determined,' and the determination was *essential to the judgment*." *The Spring Works, Inc. v. Sarff (In re Sarff)*, 242 B.R. 620, 624 (B.A.P. 6th Cir. 2000) (internal quotations omitted) (emphasis added).

> The judgment entered against Clark by the State Court provided the following:
>
> Came Plaintiff, TruPoint Bank ("Trupoint") pursuant to Rule 55 of the *Tennessee Rules of Civil Procedure* and moved the Court to enter a default judgment against Defendant Samuel T. Clark ("Defendant"). After consideration of the motion and argument of counsel, it is hereby ORDERED that judgment be entered against Defendant Samuel T. Clark in the amount of $2,457,227.32 plus all accrued interest at 10% from the date of judgment. The judgment for reasonable attorneys' fees and the taxing of the court costs of this case are held in abeyance pending the administration of the case as to the remaining defendants.

(Wimberley Affidavit, Exh. E.)

As demonstrated, this judgment does not set forth any findings of fact and conclusions of law and does not otherwise indicate upon which of the various causes of action the Bank was being granted judgment. As previously noted, the State Court complaint not only asserted a claim for fraud, but also raised breach of contract based on Clark's failure to make payments under the promissory note. Because the State Court could have found for the Bank on the breach of contract action without concluding that Clark engaged in fraudulent conduct, the Bank's fraud claim was not necessary or essential to the judgment.

A similar outcome was recognized in *Massengill*, where the Tennessee Supreme Court in an action involving multiple claims rejected the application of collateral estoppel because "the record [did] not disclose what issues were defined and submitted to the jury for their determination and . . . the jury's verdict was only a general verdict . . . ." *Massengill v. Scott*, 738 S.W.2d at 632; *see, e.g., Dimmitt & Owens Fin., Inc. v. Green (In re Green)*, 262 B.R. 557, 571 (Bankr. M.D. Fla. 2001) (where prior proceeding contained fraud and other counts but final judgment only awarded a judgment without designating the basis for the judgment, the doctrine of collateral estoppel can not be applied in bankruptcy dischargeability action because it can not be determined that the prior fraud count was a critical and necessary part of the final judgment). Based on the foregoing, the court concludes that the third element of collateral estoppel has not been established with regard to the § 523(a)(2)(A) fraud claim.

### III.

Rule 56 of the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure 7056, mandates the entry of summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). The court having determined that the Bank is not entitled to judgment as a matter of law, an order denying the Bank's motion for summary judgment will be entered contemporaneously with the filing of this memorandum opinion.